IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON LEGAL FOUNDATION )<br>)<br>    Plaintiff    )<br>)<br>    v.    )<br>)<br>MICHAEL O. LEAVITT, *et al.*,  )<br>)<br>    Defendants    )<br>_____) | Civil Action No. 1:06-01490-RMC<br>Judge Collyer |

ANSWER

Defendants, by their undersigned attorneys, hereby answer plaintiff's complaint as follows:

First Defense

The complaint alleges that plaintiff has members who have been injured by the challenged policies of defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averment that plaintiff has members and of the averment that such members have suffered injury in fact fairly traceable to the challenged action of defendants. In the absence of such members or in the absence of such injury, plaintiff lacks standing to bring this action, and the Court lacks jurisdiction over the subject matter of this action.

Second Defense

The complaint fails to state a claim upon which relief may be granted.

## Third Defense

Answering specifically each paragraph of the complaint, and using the same paragraph numbering in the complaint, defendants plead as follows:

1. This paragraph contains plaintiff's characterizations of its action and conclusions of law, to which no response is required. To the extent that a response may be deemed to be required, deny.

2. Deny.

3. Deny.

4. Deny.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph: The complaint alleges that plaintiff has members who have been injured by the challenged policies of defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averment that plaintiff has members and of the averment that such members have suffered injury in fact fairly traceable to the challenged action of defendants. In the absence of such members or such injury, plaintiff lacks standing to bring this action, and the Court lacks jurisdiction over the subject matter of this action.

6. Admit.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph, except to admit that plaintiff is a non-profit organization based in Washington, D.C.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments of the first sentence. The second sentence contains plaintiff's characterization of *Washington Legal Foundation v. Friedman*, and not averments of fact to which an answer is required.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averments of this paragraph.

10. Admit.

11. Mark B. McClellan was Administrator of the Centers for Medicaid and Medicare Services ("CMS") at the time the complaint was filed, but no longer holds that position. The Acting Administrator is now Leslie Norwalk. The paragraph is otherwise admitted.

12-13. These paragraphs contain plaintiff's characterization of the Medicare Act ("Act"), and not averments of fact to which a response is required. The Court is respectfully referred to the Act for a full and accurate statement of its terms.

14. Admit.

15. This paragraph contains plaintiff's characterization of the Medicare Act ("Act"), and not averments of fact to which a response is required. The Court is respectfully referred to the Act for a full and accurate statement of its terms.

16. Admit, except to deny that all relevant pages of the Guidelines are made part of Exhibit A of the complaint.

17. This paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required. To the extent

that an answer may be deemed to be required, any averments contained in this paragraph are denied, and the Court is respectfully referred to the Marketing Guidelines for a full and accurate statement of their contents.

18.  The first and second sentences of this paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required.  To the extent that an answer may be deemed to be required, any averments contained in those sentences are denied, and the Court is respectfully referred to the Marketing Guidelines for a full and accurate statement of their contents.  Admit the third sentence.

19.  This paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required.  To the extent that an answer may be deemed to be required, any averments contained in this paragraph are denied, and the Court is respectfully referred to the Marketing Guidelines for a full and accurate statement of their contents.  Physicians, hospitals, and nursing homes are "providers" within the meaning of the Marketing Guidelines only if they have a contract with a Medicare plan, including, but not limited to, a contract with a PDP.

20.  This paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required.  To the extent that an answer may be deemed to be required, deny except to admit that the quoted words appear in the Marketing Guidelines, and the Court is respectfully referred to

the Marketing Guidelines for a more complete context and statement of the Guidelines' contents.

21. The first sentence contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required. To the extent that an answer may be deemed to be required, deny the first sentence except to admit that the Guidelines recognize and acknowledge that "[b]eneficiaries often look to their health care professionals to provide them with complete information regarding their health care choices (e.g., providing objective information regarding specific plans, such as covered benefits, cost sharing, drugs on formularies, utilization management tools, eligibility requirements for Special Needs Plans)," and the Court is respectfully referred to the Marketing Guidelines for a more full and complete context and statement of the Guidelines' contents. The second sentence contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required. To the extent that an answer may be deemed to be required, deny except to admit that the Guidelines explain that providers may "engage in discussions with beneficiaries when patients seek information or advice from their provider" and may distribute printed marketing information provided by a plan sponsor that compares benefits of different plans only if the plan's marketing materials have been approved by CMS and have the concurrence of other plans involved in the comparison. The third sentence contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required. To the extent that an answer may be deemed to be

required, deny the third sentence, except to admit that providers can provide answers to questions regarding particular plans, such as whether a given plan has a deductible and can provide a beneficiary with marketing information from all the plans in which they participate.  The fourth sentence contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required.  To the extent that an answer may be deemed to be required, deny the fourth sentence.

22.  This paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required.  The Court is respectfully referred to the Guidelines for a full and accurate statement of their contents.  To the extent that a further answer is deemed to be required: Deny, except to admit that the Marketing Guidelines allow providers to give objective answers to questions orally when asked; that the Marketing Guidelines prohibit providers from distributing "affiliation communications materials" that describe the plans in any way unless the "affiliation communications materials" have been approved by CMS; that the Marketing Guidelines prohibit a plan sponsor from providing printed information for distribution to patients comparing the benefits of different plans without concurrence of all plans involved and CMS approval; and that Marketing Guidelines prohibit a plan sponsor from providing printed information for distribution to patients that rank orders or highlights specific plans.

23.  Admit.

24.  Deny.

25. This paragraph contains plaintiff's characterization of the Marketing Guidelines and not averments of fact to which an answer is required. The Court is respectfully referred to the Guidelines for a full and accurate statement of their contents. To the extent that a further answer is deemed to be required, admit that the quoted words appear in the Guidelines and deny that they are "contradict[ory]."

26. This paragraph contains plaintiff's characterization of the Memorandum attached to the Complaint as Exhibit B, and not averments of fact to which an answer is required. The Court is respectfully referred to the cited Memorandum for a full and accurate statement of its contents.

27. This paragraph contains plaintiff's characterization of the Memorandum attached to the Complaint as Exhibit B, and not averments of fact to which an answer is required. The Court is respectfully referred to the cited Memorandum for a full and accurate statement of its contents. To the extent a further answer is required, deny, except 1) to admit that if a State Survey Agency finds that a resident's right to choose a Part D plan is denied by a nursing home as a result of pharmacy limitations or any other reason, the State Survey Agency should cite 42 C.F.R. § 483.12(d) and educate the nursing home on its responsibility to protect residents' rights to Part D plan choices and encourage the nursing home to develop and implement a plan of correction for any such violations; and 2) to admit that nursing homes can be sanctioned for failure to respect residents' rights to free choice among Part D plans.

28. Deny.

29. Deny the averment of the first sentence that CMS has made Part D more complex than provided for by statute.  The remainder of the first sentence contains plaintiffs' characterization of the benefit established by Congress as "extremely complex," and not averments of fact to which an answer is required.  To the extent an answer is deemed to be required, the sentence is denied except that it is admitted that, while Part D is less complex than some things, it is more complex than others.  Admit the second sentence.

30. Admit.

31. Deny the first and fourth sentences, except to admit that an individual's entitlement to certain low-income subsidies and status as a nursing home resident are among the factors that can affect an individual's choice among plans and that the formularies and utilization management requirements are among the features of various plans that should be considered by such individuals.  Admit the second and third sentences.

32. Deny, except to admit that there are numerous variations among plans that might be important in an individual's choice of plans.

33. Deny the first and second sentences.  Deny the third sentence, except to admit that a beneficiary's choice of plan may be affected not only by consideration of what drugs the beneficiary is currently taking but by the possibility that the beneficiary will be taking more, fewer, or different drugs in the future, and that the drugs that patients may be prescribed are subject to change over time.  Deny the fourth sentence, except to admit that beneficiaries can profit from the objective

assessment of a provider of the beneficiary's needs and the potential plan options that may meet those needs.

34. Deny.

35. This paragraph contains plaintiff's characterization of the Marketing Guidelines, and not averments of fact to which an answer is required. The Court is respectfully referred to the Guidelines for a full and accurate statement of their contents.

36. Admit the averment of the first sentence that providers may not be aware of all plan benefits and costs. Deny the averment of the first sentence that information and resources available from CMS and other non-provider sources do not permit broad and comprehensive comparison of all plans under not only a beneficiary's existing circumstances, but also using hypothetical permutations of different circumstances (*e.g.*, taking into account possible changes in drugs) and variables at issue. Any remaining averments of the first sentence are too indefinite to permit a response; to the extent that a response to those remaining averments may be deemed to be required, defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of those averments. The second sentence contains plaintiff's characterization of a document, which speaks for itself. Deny the third sentence, except to admit that providers are among the sources who can provide some truthful and non-misleading information to beneficiaries.

37. Deny, except to admit that plans that employ providers are subject to the marketing restrictions when they act through such providers.

38. Deny the first sentence. Deny the second sentence, except to admit that some providers do not benefit or suffer financially based upon some patients' choices of PDPs. Deny the third sentence, except to admit that physicians, hospitals, and nursing homes do not contract with PDPs or receive payments from PDPs.

39. Admit.

40. Deny the first and fourth sentences. Deny the second sentence, except to admit that a PDP that pays a given pharmacy more than other PDPs might in some circumstances be, for other reasons, an appropriate choice of PDPs for some beneficiaries. Deny the third sentence, except to admit that in some circumstances to some extent, pharmacies and patients have similar interests in the patient's choice of a PDP.

41. Admit the first sentence. Deny the second sentence, except to admit that nursing homes may have a financial interest in a beneficiary's choice of PDP in some circumstances and that in some circumstances to some extent, nursing homes and patients have similar interests in the patient's choice of a PDP.

42. Deny the first, third, and fourth sentences. The second sentence contains plaintiff's characterization of the risk-adjustment provisions of Part D, and not averments of fact to which an answer is required. The Court is respectfully referred to 42 U.S.C. § 1395w-115(c)(1) for a full and accurate statement of the contents of those provisions. The fifth sentence contains conclusions of law and not averments of fact to which an answer is required.

43. Deny, except that the Secretary lacks knowledge or information of the extent, if any, to which plans that would otherwise have engaged in inappropriate marketing activities through their providers have refrained from doing so only because of the Marketing Guidance.

44. Deny.

45. Admit.

46. Deny, except to admit that after giving due consideration to public comment, on July 25, 2006, CMS issued a new version of the Marketing Guidelines.

47. Defendants incorporate by reference their responses to paragraphs 1-46 as if fully set forth herein.

48. Deny, except that defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has members who are Medicare recipients.

49. Deny, except that defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the averment that plaintiff has members who are Medicare recipients and of the averment that one or more providers have decided not to engage in prohibited marketing activities with respect to any such members.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff has members who are Medicare recipients. The remaining averments of the paragraph are denied, except that it is admitted that providers can and do provide truthful and non-misleading information

regarding the comparative merits of PDPs and that, if the guidance were withdrawn, they could continue to do so.

51. Defendants incorporate by reference their responses to paragraphs 1-50 as if fully set forth herein.

52. Deny.

53. Deny.

54. Deny.

The remainder of plaintiff's complaint contains its prayer for relief, to which no response is required, but to the extent that a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, this action should be dismissed with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

*Brian G. Kennedy*
Sheila M. Lieber
Brian G. Kennedy (D.C. Bar 228726)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3357
Fax: (202) 616-8470
Email: brian.kennedy@usdoj.gov

Attorneys for Defendant