UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WASHINGTON LEGAL FOUNDATION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:06CV01490 (RMC) |
| | ) | |
| **MICHAEL O. LEAVITT**, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT REPORT TO THE COURT PURSUANT TO
Fed.R.Civ.P. 26(f) AND LCvR 16.3**

Pursuant to the Court's order dated October 24, 2006, and pursuant to Fed.R.Civ.P. 26(f) and LCvR 16.3 of the Local Rules, counsel for all parties to this case conferred by telephone on December 8, 2006. During the conversation, counsel discussed the following matters and reached the following agreements:

(1) The parties agreed that this case is likely to be disposed of by dispositive motion. Each side expects to file a motion for summary judgment following completion of discovery. In addition, Plaintiff plans to file a motion for a preliminary injunction, to be filed at or before the January 4, 2007 Initial Scheduling Conference.

(2) Defendants' answer to the Complaint calls into question whether Washington Legal Foundation's (WLF) has standing to sue, an issue regarding which defendants are seeking discovery. WLF believes that it possesses such standing. Should the Court determine that WLF lacks standing to sue to enforce the rights of its members, counsel for plaintiff intends to amend the complaint to name those members as plaintiffs.

(3) The parties do not believe that the case should be assigned to a magistrate judge.

(4) At this point, the parties do not know whether the case will be settled. Discovery

and the further opportunity for each party to assess the opposing party's position should help illuminate the likelihood of settlement.

(5) After considering the factors set forth in LCvR 16.3(c), and after discussing with their clients the possibility of employing alternative dispute resolution (ADR) procedures, counsel have concluded that the case would not benefit from employing ADR procedures.

(6) The parties believe that, following discovery, there are likely to be few, if any, genuine issues of material fact, and that the case likely can be resolved by summary judgment. The parties propose that plaintiff file its motion for summary judgment on Monday, July 2, 2007; that defendants file their opposition to plaintiff's motion and their cross-motion for summary judgment by August 7, 2007; that plaintiff file its reply and cross-opposition on or before September 3, 2007; and that defendants file their cross-reply on or before September 13, 2007.

Plaintiff believes that, in the interim, it is entitled to preliminary injunctive relief. It will file a motion for preliminary injunction on or before January 4, 2007. Defendants contend that plaintiff's standing must be established as a precondition to any preliminary relief, and that defendants' opposition to plaintiff's preliminary injunction motion should not be required until after completion of defendants' discovery concerning plaintiff's standing, which discovery defendant has already initiated (plaintiff's responses to defendants' first set of interrogatories and requests for production of documents are due January 10, 2007). Plaintiff WLF contends that it has standing to assert the constitutional rights of its members but will file an amended complaint to name those members as additional plaintiffs, if necessary.

(7) The parties do not stipulate to dispense with the initial disclosures required by

2

Fed.R.Civ.P. 26(a)(1). The parties have already made such disclosures.

(8) The parties both anticipate that they will engage in limited discovery, including a limited number of depositions. The parties anticipate that discovery can be completed by May 15, 2007. The parties reserve the right to object to any discovery they deem inappropriate or excessive. Defendants reserve the right to assert that the case should be decided on the basis of an administrative record.

(9) The parties do not anticipate at this time the need for expert witnesses, except that they anticipate testimony regarding the impact, if any, of federal government regulation on speech by health care providers. The parties reserve the right to retain experts at a future date if factual disputes arise regarding operation of the government programs at issue in this case.

(10) This case is not a class action, so the parties do not anticipate any Rule 23 proceedings.

(11) The parties anticipate that the entire case will be decided at once. They do not propose that proceedings be bifurcated.

(12) If the case remains unresolved following rulings on cross motions for summary judgment, the parties propose that a pretrial conference be scheduled 30 days following those rulings.

(13) The parties propose that no trial date be set until the pretrial conference.

**Discovery Plan.**

The parties anticipate that discovery will be completed by May 15, 2007. The parties do not foresee a need to impose a numerical limit on the number of interrogatories or depositions, but neither party anticipates that the requested discovery will be sufficiently

voluminous to prevent completion of discovery by May 15, 2007.

**Brief Statement of the Case.**

Plaintiff Washington Legal Foundation (WLF) is a non-profit organization which, WLF alleges, has a membership that includes senior citizens who are Medicare beneficiaries entitled to enroll in a Medicare Part D drug plan. Those members seek access to truthful information and advice regarding the comparative benefits of competing drug plans available to them under Part D. WLF contends that various policies adopted by Defendants violate their First Amendment rights by denying them access to such truthful information and advice.

Defendants are administrators of the Part D drug plan, being sued in their official capacity. Defendants deny that they have violated the First Amendment rights of WLF and/or its members, and contend that the complaint fails to state a claim upon which relief can be granted. Defendants further contend that discovery may demonstrate that WLF lacks standing to bring this action.

Respectfully submitted,


  /s/ Richard A. Samp  
Daniel J. Popeo  
Richard A. Samp (D.C. Bar #367194)  
Washington Legal Foundation  
2009 Massachusetts Ave., NW  
Washington, DC 20036  
Tel.: 202-588-0302  
Fax.: 202-588-0386  
Email: rsamp@wlf.org  

   /s/ Brian G. Kennedy  
Sheila M. Lieber  
Brian G. Kennedy (DC Bar #228726)  
U.S. Department of Justice  
Civil Division, Federal Programs Branch  
20 Mass. Ave. N.W., Room 7204  
Washington, DC 20530  
Tel.: 202-514-3357  
Fax: 202-616-8470  
Email: brian.kennedy@usdoj.gov  

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December, 2006, a copy of the foregoing Joint

Report was deposited in the U.S. Mail, postage prepaid, addressed to the following:

Brian G. Kennedy, Esq.
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts ve., NW
Room 7204
Washington, DC 20530

and by email to Brian G. Kennedy at <u>brian.kennedy@usdoj.gov.</u>


                                                                                                         /s/ Richard A. Samp
                                                                                                Richard A. Samp