UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON LEGAL FOUNDATION,** )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>**MICHAEL O. LEAVITT,** in his official )<br>capacity as Secretary, U.S. Department )<br>of Health and Human Services, )<br>)<br>)<br>and )<br>)<br>)<br>**LESLIE V. NORWALK**, in her official )<br>capacity as Acting Administrator, Centers )<br>for Medicare and Medicaid Services, )<br>)<br>)<br>Defendants. )<br>_____ ) | CA No. 1:06cv01490 (RMC)<br>Judge Collyer |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

The Washington Legal Foundation (WLF) seeks leave to file an amended complaint, in order to substitute three of WLF's members as plaintiffs, in place of WLF.

This lawsuit alleges that speech suppression policies adopted by the U.S. Department of Health and Human Services (HHS) and its Centers for Medicare and Medicaid Services (CMS) violate the First Amendment rights of members of the Washington Legal Foundation (WLF). The sole plaintiff at this time is WLF.

On March 19, 2007, the Court issued a Memorandum Opinion denying WLF's motion

for a preliminary injunction. The Court based its ruling on a finding that WLF "failed to meet its burden of showing likelihood of success on the merits because it has failed to make a clear showing that it has standing to bring this suit in its own name." Memorandum Opinion at 13. WLF has not asserted that the defendants' policies have injured WLF itself, but rather has asserted that those policies injured three identified members of WLF – Rebecca Fox, Mary Samp, and Edward Samp – and that WLF has standing to pursue their First Amendment claims.

WLF has doubts that it will be able to meet the standing requirements set forth in the Memorandum Opinion. However, those doubts extend only to WLF's ability to establish associational standing; nothing in the Memorandum Opinion suggests that WLF's members lack standing to raise on their own behalf the First Amendment claims outlined in the complaint.

Accordingly, WLF seeks leave to file an amended complaint that substitutes Rebecca Fox, Mary Samp, and Edward Samp as plaintiffs, in place of WLF. The relief sought is wholly uncontroversial. Indeed, WLF identified these members by name in its initial Rule 26(f) disclosure as the WLF members whose injury formed the basis of the First Amendment claims; and WLF informed the Court at the January 2007 initial status conference that should the Court determine that WLF had failed to demonstrate associational standing, it intended to amend the complaint to add these three individuals as named plaintiffs.

A copy of the proposed amended complaint is attached. The amended complaint does not alter the substance of the First Amendment claims being asserted or the requested relief. Rather, the complaint does nothing more than to substitute Rebecca Fox, Mary Samp, and Edward Samp as plaintiffs, and to set forth the details of their claimed injuries.

The defendants will not be prejudiced by the amended complaint. Because the nature of

the underlying First Amendment claims remains unchanged, the defendants will not be forced to defend against any unexpected claims. Indeed, the defendants have been well aware of the details of the claimed injuries of the three new plaintiffs – those injuries were set forth in detail in declarations filed by Rebecca Fox and Mary Samp in support of the January 26, 2007 motion for a preliminary injunction. The depositions of Ms. Fox and Ms. Samp have already tentatively been set for the latter half of April 2007. Thus, the defendants have already made preparations to obtain whatever additional details they may desire regarding the nature of the proposed plaintiffs' claims.

Morever, should the defendants determine that they require additional time to prepare a defense to the amended complaint, we have no objection to granting the defendants a reasonable extension of time within which to engage in additional discovery. This case does not raise statute-of-limitations issues, so there is no occasion to consider whether granting the motion for leave to amend would affect the timeliness of claims being raised by the three new plaintiffs.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to file amended pleadings "shall be freely given when justice so requires."[1] As the preceding discussion indicates, WLF and the proposed additional plaintiffs easily meet that standard. In mandating that Rule 15(a) is to be "liberally construed," the D.C. Circuit has instructed:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party . . . the leave sought should . . . be "freely given."

---

[1] Fed.R.Civ.P. 21 further provides, "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

3

*Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962). Courts routinely grant leave to amend when the amendment would add parties, as well as when it would add new claims. *See, e.g., Jones v. Bates,* 127 F.3d 839, 847 (9th Cir. 1997). In the absence of any evidence that plaintiffs have acted in bad faith or with undue delay, or that the defendants would be prejudiced thereby, the motion for leave should be granted.

          Respectfully submitted,

           /s/  Richard A. Samp
          Daniel J. Popeo
          Richard A. Samp
            (D.C. Bar No. 367194)

          WASHINGTON LEGAL FOUNDATION
          2009 Massachusetts Ave, NW
          Washington, DC  20036
          (202) 588-0302

Dated:  April 9, 2007          Counsel for Plaintiff