IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON LEGAL FOUNDATION ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MICHAEL O. LEAVITT, *et al.*, ) <br> ) <br> Defendants ) <br> ) | Civil Action No. 1:06-01490-RMC <br> Judge Collyer |

### DEFENDANTS' MEMORANDUM IN CONTINGENT OPPOSITION
### TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff has filed a motion to amend the complaint. The amended complaint would drop the original plaintiff, the Washington Legal Foundation ("WLF"), as a party and add three individuals as plaintiffs. Defendants do not oppose plaintiff's motion, subject to two provisos.

**1.** Plaintiff's motion leaves unclear the terms under which WLF would no longer be a party. Under Rule 21 of the Federal Rules of Civil Procedure, on which WLF relies (WLF Mem. at 3 n.1), the Court may condition WLF being "dropped . . . on such terms as are just." Similarly, under Rule 41(a)(2), voluntary dismissal pursuant to plaintiff's post-answer motion is subject to "such terms and conditions as the court deems proper."

On plaintiff's motion for preliminary injunction, the Court found that WLF was not likely to be able to establish associational standing. WLF indicates that it "doubts that it will be able to meet the standing requirements set forth in the Memorandum Opinion." WLF Mem. at 2. Since defendants have challenged WLF's

associational standing, defendants do not ask that the dropping or dismissal of WLF as a party be with prejudice to the merits or to any claims of WLF members or other persons WLF claims to represent. However, the dropping or dismissal of WLF as a party should at least be with prejudice to WLF's claim to associational standing in this matter, so that defendants will not be faced with the possibility of such a claim being resurrected.

      **2.** In its motion, plaintiff indicates that it would have "no objection to granting the defendants a reasonable amount of time within which to engage in additional discovery." If plaintiffs' motion is granted, the time for discovery by defendants should be extended one month, from May 15, 2007, to and including June 15, 2007. This will enable defendants to consider additional discovery not originally contemplated.

Conclusion

      For the reasons stated above, plaintiff's motion to amend complaint should be denied unless 1) the dropping of WLF as a party is with prejudice to any claim by WLF to associational standing in this matter, and 2) the time for defendants to take discovery is extended to and including June 15, 2007.

      Respectfully submitted,

      PETER D. KEISLER
      Assistant Attorney General

      JEFFREY A. TAYLOR
      United States Attorney

*/s/ Brian G. Kennedy*
Sheila M. Lieber
Brian G. Kennedy (D.C. Bar 228726)
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.  Room 7204
Washington, D.C.  20530
Tel.: (202) 514-3357
Fax: (202) 616-8470
Email: brian.kennedy@usdoj.gov

Attorneys for Defendants