IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON LEGAL FOUNDATION )<br><br>    Plaintiff<br><br>    v.<br><br>MICHAEL O. LEAVITT, *et al.*<br><br>    Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 1:06-01490-RMC<br>) Judge Collyer<br>)<br>)<br>)<br>) |

## DECLARATION OF TRAVIS W. WATSON

I, Travis W. Watson, do hereby declare under penalty of perjury that the following is true. Except as otherwise stated, these statements are based on my personal knowledge or information or data that I received in the course of my official duties.

2. I am a Major in the United States Army and I am currently assigned to the TRICARE Pharmacy Office at the TRICARE Management Activity (ATMA@). TMA is part of the Department of Defense ("DoD"). The TRICARE/CHAMPUS program ("TRICARE") is a medical benefits program (32 C.F.R. 199.1(d). Statutory authority for TRICARE may be found at 10 U.S.C. 1071 et seq. TMA administers the TRICARE program under the authority of the Office of the Assistant Secretary of Defense for Health Affairs. I have served as Director, TRICARE Pharmacy Operations since December 2004. In that position, I oversee the fulfillment of over 100 million prescriptions for 9.2 million eligible TRICARE/CHAMPUS ("TRICARE") beneficiaries with an annual budget in excess of $6 billion. Additionally, I am responsible for developing pharmacy related policies, federal regulation changes, and legislative proposals that are

−1−

applicable to the TRICARE pharmacy benefits program. During this time, I was involved with the development of TRICARE's policy to coordinate pharmacy benefits with Medicare Part D. I am thus familiar with the operations of TRICARE and, in particular, with its prescription drug program and with the relationship between that program and Medicare's Part D prescription drug program.

3. The military through its direct care system (e.g., Army, Navy, and Air Force hospitals and clinics) provides direct care to eligible beneficiaries. TRICARE, as permitted by statute and regulation (32 C.F.R. Part 199) provides cost-sharing of covered health care including prescription drugs to eligible beneficiaries provided by authorized providers in the civilian sector. TRICARE benefits extend to care outside the United States. Eligible beneficiaries include, among others, the spouses of active duty members, the dependent children of active duty members, retired members, the spouses and dependent children of retired members. There is a group of eligible beneficiaries who are referred to as "dual eligibles" or TRICARE for Life ("TFL") beneficiaries. These are individuals who would be eligible for TRICARE but would lose their TRICARE eligibility because they are eligible for Medicare. However, if these individuals are enrolled in Medicare Part B they retain their eligibility for TRICARE on a second pay basis to Medicare. This explains the term – "dual eligibles".

4. I have reviewed the declaration of Mary Samp filed in this action on January 27, 2007, including the attachment which is an inexact copy [much of what appears on the first page of the copy is repeated on the second] of a letter to her husband, Edward J. Samp, Jr., from then Assistant Secretary of Defense for Health Affairs, Dr. William

–2–

Winkenwerder, Jr. Mrs. Samp's declaration indicates this letter was received in January 2006. This was a form letter sent to all TRICARE/Medicare beneficiaries (the "dual eligibles" or TFL beneficiaries described above).

5. Dr. Winkenwerder's letter begins by referring to the TRICARE beneficiary's current TRICARE prescription drug coverage that is available to people who have Medicare Part A and/or Medicare Part B. DoD's enrollment database confirmed that Edward Samp, Jr., is TRICARE eligible as a dual eligible (TFL) beneficiary.

6. Mr. Samp is not required to pay any premium for his current TRICARE enrollment and coverage, including his prescription drug coverage. However, since he is Medicare eligible, he can only maintain his TRICARE eligibility by being enrolled in Medicare Part B.

7. TRICARE provides a world-class pharmacy benefit. How that coverage is provided depends on whether TRICARE is the beneficiary's primary health insurer or whether, as currently is the case with Mr. Samp, the beneficiary has other health insurance, in which case TRICARE becomes the secondary payer.

8. <u>When TRICARE is the primary insurer</u>, a beneficiary can obtain formulary prescription drugs without any co-payment from any military treatment facility ("MTF") pharmacy, if the military treatment facility carries the medication(s). Prescription drugs again, throughout this paragraph, where TRICARE is the primary insurer can also be obtained either through TRICARE's Mail Order Pharmacy or through the TRICARE Retail Pharmacy Network. For the Mail Order Pharmacy a patient can receive up to a 90-day supply of medication for a modest co-pay of $3 for generic drugs, $9 for formulary

--3--

brand-name drug, or $22 for non-formulary medications. A patient can receive up to a 30-day supply of medication from a retail network pharmacy for the same co-payment(s) listed previously. Co-payments can be greater if a non-network pharmacy is used, but the vast majority of pharmacies in the United States do participate in TRICARE's network, including the Samps' pharmacy, Skendarian Apothecary of Cambridge, Massachusetts. More than 50,000 retail pharmacies in the United States are TRICARE network pharmacies. When a beneficiary (or the covered family) reaches the annual catastrophic cap ($3,000 per year for dual eligibles), TRICARE would begin paying 100% for all TRICARE-covered medications.

9. <u>When a TRICARE beneficiary has commercial other health insurance ("OHI")</u>, such as the retirement health plan Edward Samp has from the City of Cambridge, then TRICARE becomes a secondary payer. There are several scenarios that can occur when a TRICARE beneficiary has other health insurance. For example, the OHI might pay 100% of the charges in which case there would be nothing for TRICARE to pay. It is possible that the OHI would pay zero because the medical procedure or the prescription is not covered by the OHI. In this circumstance, while TRICARE would be processing the claim as second pay, the practical effect would be that any payment by TRICARE would be the same as if TRICARE was primary. It is also possible that both plans do not cover the procedure or the drug. The more typical result would be that the OHI, paying a primary, pays part of the cost and then TRICARE pays part of the cost. This can result in 100% coverage of the claim between the two third party payors.

10. When the commercial OHI has paid something for a prescription drug, the co-payments and deductibles that the beneficiary would otherwise be required to pay under his or her primary insurance are instead paid by TRICARE (up to the maximum that TRICARE would have paid for such drugs had it been the primary insurer).

11. <u>If a TRICARE beneficiary has Medicare Part D</u>, Medicare Part D will be primary to TRICARE. Similarly to when a TRICARE beneficiary has commercial OHI, the TRICARE retail pharmacy benefit would generally pay for what Medicare did not. In other words, TRICARE would pay the amount of the beneficiary's Medicare co-pay. But, since Medicare Part D was designed with a "donut hole," the practical effect when a TFL beneficiary is within the "donut hole" is that TRICARE is effectively the primary payor.

12. If Mr. Samp or any other TRICARE beneficiary had two other health insurers (other than Medicaid or some supplemental policies because Medicaid is not insurance and Congress made TRICARE primary to Medicaid and supplemental policies are not considered other health insurance) then TRICARE would become a tertiary payer. In other words, TRICARE would always be last pay. Thus, for example, if Mr. Samp were to pay for a Part D Medicare policy in addition to his retiree health coverage from Cambridge, TRICARE would process and pay TRICARE cost-share for his prescription drugs only after those other two health plans had processed his prescription claims. This example assumes that the other two plans did not pay 100 percent of what he owed.

13. Although Mrs. Samp's declaration asserts, and TRICARE's records confirm, that Mr. Samp is eligible for and enrolled in TRICARE's prescription drug program, I found no TRICARE records showing that any of his prescriptions have been submitted to

the TRICARE Retail Pharmacy contractor. Where, as in Mr. Samp's case, he has other health insurance, the submission of his Skenderian Apothecary prescriptions claims to TRICARE for secondary payments (*e.g.*, of the first insurer's co-pays and deductibles) could now be done via electronic claim filing by Skenderian Apothecary because it is a TRICARE network retail pharmacy. There is no requirement that Mr. Samp submit the claims himself. Prior to April 2006, paper claims had to be submitted for prescriptions filled at most retail pharmacies, where Other Health Insurance was the primary payer. I do not know why neither Mr. Samp nor Skenderian on his behalf have not submitted the prescription claims to the TRICARE Retail Pharmacy contractor.

14. Non-internet based sources of information regarding the TRICARE Pharmacy benefits program, such as the TRICARE Retail Pharmacy Benefit Guide, provide non-internet sources of information about TRICARE's Pharmacy Benefit program, including a toll-free phone number.

15. On December 26, 2007, the Department of Defense issued a proposed rule that outlined double coverage rules for TRICARE beneficiaries enrolled in a Medicare Part D program. The Federal Register citation is Volume 71, Number 249, pages 78110 through 78115. In part, the proposed rule states: For Medicare beneficiaries who enroll in Medicare Part D, the Part D plan is primary and TRICARE is secondary payer. TRICARE will pay the beneficiary's out-of-pocket costs for Medicare and TRICARE covered medications, including the initial deductible and Medicare Part D cost sharing amounts up to the initial coverage limit of the Medicare Part D plan. The Medicare Part D

plan, although the primary plan pays nothing during any coverage gap period. When the beneficiary becomes

responsible for 100 percent of the drug costs under a Part D coverage gap period, the beneficiary may use the TRICARE pharmacy benefit as the secondary payer. TRICARE will cost share during the coverage gap to the same extent as it does under Sec. 199.21 for beneficiaries not enrolled in a Medicare Part D plan. The beneficiary is responsible for the applicable TRICARE pharmacy cost-sharing amounts (and deductible if using a retail non-network pharmacy).

16. If Mr. Samp retains his retirement health benefits from the City of Cambridge, TRICARE would be second pay to his City of Cambridge coverage for prescription drugs. If Mr. Samp signed up for and paid for a separate Medicare Part D plan, TRICARE would become a tertiary payer, processing and paying only after the other two plans had processed his prescription plans.

17. If, on the other hand, Mr. Samp was to drop his retiree health coverage from the City of Cambridge and he did not choose any Part D plan, TRICARE would be his primary payor for prescription drugs. As Dr. Winkenwerder's letter explained, on average, TRICARE coverage is at least as good as the standard Medicare prescription drug coverage, which means it is creditable coverage.

18. There is a premium associated with Medicare Part D. If a TRICARE dual eligible buys Part D insurance they are adding to the prescription coverage that TRICARE provides. Given the relatively low TRICARE co-pays, the individual TRICARE dual eligibles might want to compare the Medicare Part D premium with their TRICARE co-pays. For some individuals, they may determine that they are paying for coverage that TRICARE already provides.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed on November 9, 2007.

*/s/ Travis Walk*